61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas SHELLEY, Plaintiff-Appellant,
v.
CITY OF HAWAIIAN GARDENS, Defendant-Appellee.
 No. 94-55664.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1994.
Decided July 13, 1995.
 
 Before: FARRIS, POOLE and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shelley seeks a declaratory judgment that he has a right to operate his theater irrespective of Urgency Ordinance 417, the conditional use permit ordinance, the Adult Business Standards ordinance, the city's "design and development standards," and any other ordinance the city might seek to apply to him.
 
 
 3
 1. The city has represented it would not enforce either Urgency Ordinance 417 or the conditional use ordinance against Shelley's business, so Shelley lacks standing to question their constitutionality. Cf. Steffel v. Thompson, 415 U.S. 452, 458-60 (1974).
 
 
 4
 2. Shelley maintains that the Adult Business Standards ordinance (ABS), CHGMC Sec. 18.46.015(A)(2), cannot be applied to him because the city has never officially determined that his is an "adult business" under Chapter 18.46. This claim is premature. Although the city argued at trial that Shelley's business was too close to a church, it has never actually applied the ABS to Shelley. The city didn't fine Shelley, deny his application for a business license[1] or take any other action on the basis of the ABS.[2] The only action taken by the city was to refuse, on the basis of an ordinance it now concedes is unenforceable, to accept or process any application from Shelley. The record doesn't show that Shelley has ever actually applied for a business license. His challenge to the ABS is not ripe.[3]
 
 
 5
 3. In the course of this litigation the city has also suggested that Shelley's business violated several "design and development standards" applicable to all buildings in zone C-4. Shelley declares himself willing to bring his property into compliance and the city has agreed to entertain Shelley's application for any required approvals and variances. Since the city has denied Shelley nothing on this basis, any dispute about his compliance with the city's standards for parking spaces, trash enclosures, sign landscaping and the like is also not ripe.
 
 
 6
 4. The district court property denied Shelley's requests for declaratory relief and a permanent injunction. And, because there has been no "material alteration of the legal relationship between the parties," Farrar v. Hobby, 113 S. Ct. 566, 573-74 (1992), Shelley is not entitled to attorney's fees.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 CHGMC Secs. 5.04.010 & 5.06.080 require a business license of anyone "carrying on an adult business in the City, as defined in Chapter 18.46" of the code. If Shelley applied for and was denied a license for noncompliance with the zoning code or any other reason, CHGMC Sec. 18.36.025, he would then have a right to appeal to the City Council. CHGMC Secs. 5.04.230 & 1.14.010-060
 
 
 [2]
 Shelley's attorney could not iterate this point enough. In fact, he attempted to elicit testimony at trial concerning the lack of harm but was admonished not to do so by the district court judge
 THE COURT: Give me credit for having read this stuff, will you. That's what you said in your papers.
 MR. DIAMOND: Well, it has to be testimony.
 THE COURT: Oh, no. The trial brief is part of the record in the case, Mr. Diamond.
 * * *
 THE COURT: You don't think the Ninth Circuit is going to read what's happening here, do you?
 MR. DIAMOND: I hope not.
 THE COURT: Well, having sat a number of times on the Ninth Circuit, I can tell you that they won't, so just forget it; okay?
 MR. DIAMOND: Yes, your Honor.
 THE COURT: I know what's going on here.
 Trial Tr. at 61. So do we.
 
 
 [3]
 First Amendment concerns do not require a departure from our usual reluctance to decide a dispute that is not ripe because the ABS is very similar to the ordinance which survived scrutiny in City of Renton v. Playtime Theatres, Inc., 475 U.S. 41 (1986)